UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

v.

EDIHNO HUACCHA TOSCANO,

                Defendant.

------------------------------------------------------------X

**MEMORANDUM & ORDER**
23-CR-434-1 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On August 23, 2024, Defendant pled guilty to Count Two of a two-count Indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Plea Agreement ¶ 1, ECF No. 31. The Court now sentences Defendant and provides a complete statement of reasons, pursuant to 18 U.S.C. § 3553(c)(2), of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to twenty-four (24) months' imprisonment; three years' supervised release with both the standard and special conditions of supervision; forfeiture of $4,180.00; and a $100.00 mandatory special assessment.

## I.  BACKGROUND

Defendant, together with codefendants Ronald Gonzales Sosa and Christian German Garrido Davalos, conspired to sell cocaine and counterfeit U.S. currency to an undercover NYPD officer. Sealed Presentence Investigation Report ("PSR") ¶¶ 3–7. Over a four-month period beginning in May 2023, Defendant communicated directly with the undercover officer to arrange thirteen separate sales of cocaine and counterfeit currency. *Id.* ¶¶ 4, 6. All but one of the sales took place at a home in Queens, New York, where Defendant lived with codefendant Garrido Davalos. *Id.* ¶ 4.

Defendant and his codefendants were arrested in a sting operation during their thirteenth sale to the undercover officer on October 27, 2023. Sealed Gov't Sent'g Mem. ("Gov't Sent'g Mem.") at 2, ECF No. 47. In total, the undercover officer purchased 1,023.61 grams of substances containing cocaine and $43,400.00 in counterfeit U.S. currency. PSR ¶ 7.

*Procedural History*

On October 31, 2023, the Government filed a two-count Indictment against Defendant and codefendants, alleging (1) conspiracy to sell counterfeit currency, and (2) conspiracy to distribute and possess with intent to distribute controlled substances. *See generally* Indictment, ECF No. 11. The Government alleged criminal forfeiture on both counts. *Id.*

On August 23, 2024, Defendant pled guilty to Count Two of the Indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. In his plea agreement, Defendant stipulated to selling "at least 1.03 kilograms of a substance containing cocaine." Plea Agreement ¶ 2. He consented to forfeiture of approximately $44,500.00 in counterfeit U.S. currency seized by law enforcement during the investigation. *Id.* ¶ 7. He also agreed to entry of a forfeiture money judgment totaling $4,180.00. *Id.* ¶ 6.

## II. LEGAL STANDARD

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553. Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors

under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider seven different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

### III. ANALYSIS

#### A.  The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first Section 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

##### 1.  *Family and Personal Background*

Defendant was born on September 10, 1997, in Lima, Peru. PSR ¶ 36. Defendant's father left Defendant's mother during her pregnancy. *Id.* Defendant's mother, age 53, works as a housekeeper in Peru and is in good health. *Id.* Defendant communicates with his mother daily. *Id.* She is aware of the instant offense and supportive. *Id.*

Defendant was raised by his mother and maternal grandmother in a lower-income household in Lima, Peru. *Id.* ¶ 37. His childhood was free from abuse. *Id.* While Defendant never met his father, he is close to his maternal uncle. *Id.*

3

Defendant has a five-year-old son from a prior relationship. *Id.* ¶ 38. His son lives in Peru, is enrolled in school, and in good health. *Id.* Defendant reports having an amicable relationship with his son's mother, who is aware of the instant offense and supportive. *Id.* Defendant reports sending her monthly financial support for their son prior to Defendant's detention. *Id.*

        2.    *Educational and Employment History*

In 2015, Defendant graduated high school from the Institución Educativa Emblemática Ricardo Bentín in Lima, Peru. *Id.* ¶ 46. In 2016, Defendant matriculated to the National Major University of San Marcos in Lima, Peru, but left after two months because he could not afford his classes. *Id.* In 2017, Defendant moved to Hamburg, Germany, where he worked as a baker. *Id.* ¶ 51. In 2021, he relocated to Queens, New York, where he worked as a deli-worker and freelance painter. *Id.* ¶¶ 39, 49–50.

Defendant was arrested on October 27, 2023, and has been in custody at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, since October 28, 2023. *Id.* ¶¶ 40, 48. While at the MDC, he has completed three educational courses and worked as a unit orderly. *Id.* ¶ 40; Def. Suppl. Sent'g Mem., Ex. A, ECF No. 48. Defendant received an "outstanding" work performance rating from his supervisor at the MDC. Def. Suppl. Sent'g Mem., Ex. A, ECF No. 48.

        3.    *Prior Convictions*

Defendant has no prior criminal history. PSR ¶¶ 29–30.

        4.    *Physical and Mental Health*

Defendant is in good health; he is not receiving any medication or medical treatment. *Id.* ¶ 42. He reports no history of mental or emotional health conditions. *Id.* ¶ 43.

4

      5.     *Substance Abuse*

Defendant drinks alcohol only occasionally and denies any history of alcohol or substance abuse. *Id.* ¶¶ 44–45.

      6.     *Nature and Circumstances of the Offense*

The Court's previous statements address the nature and circumstances surrounding the instant offense. *See supra* Part I.

**B.    The Need for the Sentence Imposed**

The second Section 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense, which involved participating in a drug and counterfeit-currency trafficking conspiracy. Defendant arranged to sell, and did sell, significant amounts of cocaine and counterfeit U.S. currency to an undercover police officer through thirteen separate transactions. The Court's sentence will deter others from engaging in similar acts and justly punish Defendant for his crimes. Indeed, the Court's sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in this factor. 18 U.S.C. § 3553(a).

**C.    The Kinds of Sentences Available**

The third Section 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant was convicted of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Plea Agreement ¶ 1. He faces a statutory maximum term of twenty years' imprisonment. 21 U.S.C. § 841(b)(1)(C). He faces a statutory minimum term of three years' supervised release. *Id.* He is eligible for between one- and five-years' probation. 18 U.S.C. § 3561(c)(1). In the absence of extraordinary circumstances, one of the following must be imposed as a condition of probation: a fine, restitution, or community service. 18 U.S.C. § 3563(a)(2).

In addition, Defendant faces a maximum fine of $1,000,000.00. 21 U.S.C. § 841(b)(1)(C). He faces forfeiture as agreed to in the plea agreement of $4,180.00. Plea Agreement ¶ 6. He acknowledges and consents to the forfeiture of approximately $44,500.00 in counterfeit U.S. currency seized by law enforcement during its investigation. *Id.* ¶ 7. Finally, the Court is required to impose a mandatory special assessment of $100.00 per count under 18 U.S.C. § 3013(a)(2)(A).

**D.   The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense**

The fourth Section 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . [t]he applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

The applicable Guideline for Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances is U.S.S.G. §2D1.1. Defendant has a base offense level of 24 because his offense involved more than 500 grams but less than two kilograms of cocaine. U.S.S.G. §2D1.1(c)(8). All parties agree Defendant satisfies the criteria for "safety-valve" relief set forth in U.S.S.G. §5C1.2(a), decreasing his offense level by two levels under U.S.S.G. §2D1.1(b)(18).

6

All parties agree additional reductions apply. Two levels are subtracted because Defendant is a zero-point offender. U.S.S.G. §4C1.1(a). Three levels are subtracted because Defendant timely accepted responsibility. U.S.S.G. §§3E1.1(a)–(b). These reductions result in a total offense level of 17.

All parties agree Defendant has a total offense level of seventeen and a criminal history category of I, resulting in a Guidelines range of twenty-four (24) to thirty (30) months' imprisonment. U.S.S.G. §5A; PSR ¶ 59; Sealed Gov't Sent'g Mem. at 2, ECF No. 47; Sealed Def. Sent'g Mem. at 2, ECF No. 44.

Probation recommends a Guidelines sentence of twenty-four (24) months' imprisonment, two years' supervised release with special conditions, and a $100.00 mandatory special assessment. Sealed Prob. Sent'g Rec. at 1, ECF No. 35-1. Probation recommends excusing Defendant from the mandatory drug-testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d). *Id.*

The Government recommends a Guidelines sentence of twenty-four (24) months' imprisonment. Sealed Gov't Sent'g Mem. at 1, 4. The Government argues this sentence would "send a message that trafficking in cocaine and counterfeit currency will not be tolerated," while recognizing "that [Defendant] lacks any prior convictions, promptly took responsibility for his conduct, has not experienced disciplinary issues while incarcerated, and has agreed to removal from the United States following his sentence." *Id.* at 4.

Defense counsel recommends a below-Guidelines sentence of time served. Sealed Def. Sent'g Mem. at 8. In addition to factors raised by the Government, defense counsel emphasizes the "conditions of [Defendant's] confinement, his sincere efforts to reform himself, and his certain deportation." *Id.* at 1–2. Defense counsel submits letters from Defendant's mother,

7

uncle, and MDC supervisor, as well as a letter from Defendant himself. *Id.*, Exs. A–B; Def. Suppl. Sent'g Mem., Exs. A–B.

The Court appreciates the sentencing arguments raised by all parties and has considered each in turn.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth Section 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

Probation draws the Court's attention to the policy statement at U.S.S.G. §5K2.21, permitting the Court to consider additional conduct "that did not enter into the determination of the applicable guideline range." *See* PSR ¶ 72 ("[T]he defendant participated in the illegal trafficking, distribution, and possession of counterfeit United States currency. This additional criminal conduct could not be accounted for in the guidelines and may warrant an upward departure under USSG §5K2.21.").

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth Section 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defense counsel argues a Guidelines sentence "would create unwanted disparities with similarly situated defendants in this district." Sealed Def. Sent'g Mem. at 5. Defense counsel lists cases from this district and the Southern District of New York in which defendants with purportedly similar profiles to Defendant—that is, "low-level members of drug trafficking conspiracies" with "minimal . . . [or] no prior criminal record"—received sentences of time served or probation. *Id.*

8

### G.     The Need to Provide Restitution

Finally, the seventh Section 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case. *See* Plea Agreement ¶ 1(e).

### IV. CONCLUSION

For the reasons set forth above, the Court sentences Defendant to twenty-four (24) months' imprisonment, followed by three years' supervised release with both the standard and special conditions of supervision; forfeiture of $4,180.00; and a $100.00 mandatory special assessment. This sentence is sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine considering Defendant's apparent inability to pay. The Court excuses Defendant from the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report, as corrected herein, to the extent those findings are not inconsistent with this opinion.

**SO ORDERED.**

**s/ WFK**
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 18, 2025
Brooklyn, New York

9